## 63521. RENTZ v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of two counts of aggravated assault and one count of criminal damage to property in the second degree. Finding the enumerations of error listed in his appeal to be without merit, we affirm appellant's convictions.

1. In his first enumeration of error, appellant maintains that his motion for new trial, based on the general grounds, was erroneously denied. A review of the record shows that the state presented evidence to the effect that appellant fired a gun at the two victims who were, respectively, sitting in front of and standing beside a small

grocery store. The victims escaped uninjured, but the grocery store's window and interior sustained approximately $300 worth of damage. From this evidence the jury could determine beyond a reasonable doubt that appellant was guilty of the aggravated assault of each of the two men and of criminal damage to property in the second degree (over $100 in damages). Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court's denial of appellant's motion for new trial was not error.

2. Nor did the trial court err when it overruled appellant's special demurrer to the indictment. The three-count indictment did not amount to an impermissible multiple prosecution for the same conduct since none of the crimes charged (aggravated assault of Jarman Lynn, aggravated assault of Robin Davenport, criminal damage to property in the second degree) is the same as a matter of fact or as a matter of law. See Code Ann. § 26-506; *Harshaw v. State,* 134 Ga. App. 581 (3) (215 SE2d 337). Additionally, the fact that the indictment was written in the language of the statute negates appellant's assertion that the indictment was vague, indefinite and uncertain. Code Ann. § 27-701. See *Haisman v. State,* 242 Ga. 896 (1) (252 SE2d 397).

3. Appellant next maintains that several of the trial court's rulings deprived him of a thorough and sifting cross examination. Questions to one victim concerning appellant's relationship with the other victim and queries about the type of gun a victim owned were ruled irrelevant by the trial court.

The "right to a thorough and sifting cross examination must be tempered and restricted so as not to infringe on privilege areas or wander into the realm of irrelevant testimony. Control of the cross examination of a witness is to a great degree within the discretion of the trial court and will not be controlled unless abused. [Cits.]" *Eades v. State,* 232 Ga. 735, 737 (208 SE2d 791). Our review of the record convinces us that the trial court did not abuse its discretion when it sustained the objections to the questions presently at issue.

4. There was no error in the admission into evidence of a Winchester rifle which a witness identified as being similar to the Winchester rifle she had loaned appellant minutes before the victims were fired upon. Cartridges found at the site from which the shots allegedly emanated were identified by a microanalyst from the State Crime Lab as having been fired from the rifle admitted into evidence. "The identification was sufficient to authorize the jury to decide, under the evidence relative to identification, whether or not it was the identical weapon used by the defendant." *Jung v. State,* 237 Ga. 73, 75 (226 SE2d 599). Appellant's objection regarding a defect in the chain of custody of the rifle is also meritless. *Lord v. State,* 134 Ga. App. 683

(2) (215 SE2d 493).

5. Testimony about an alleged prior violent act of one of the victims was properly ruled inadmissible. While testifying in his defense, appellant referred to an incident between one of the victims and appellant's brother-in-law. That testimony was properly excluded. *Horne v. State,* 155 Ga. App. 851 (4) (273 SE2d 193).

6. Finally, appellant takes issue with the trial court's instruction to the jury to limit their consideration of testimony of a prior conflict between appellant and victim Jarman Lynn to that count of the indictment which charged appellant with the aggravated assault of Lynn, and not allow it to enter into their consideration regarding the aggravated assault charge against appellant concerning Robin Davenport. Since the evidence was obviously not relevant to the alleged assault on Davenport, the instruction was not error as a matter of law, and did not amount to an expression of opinion by the trial court or an invasion of the province of the jury.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED MAY 17, 1982.

*J. Laddie Boatright,* for appellant.
*W. Glenn Thomas, Jr., District Attorney,* for appellee.