## A89A1595. THOMPSON v. THE STATE.

(390 SE2d 253)

BEASLEY, Judge.

Defendant appeals his conviction for shoplifting, OCGA § 16-8-14 (a) (1).

1. Defendant's first and fourth enumerations allege that the evidence was insufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988). Viewed in favor of the verdict, it showed that defendant and a second man were seen leaving a department store with their arms stacked with approximately 60 pairs of jeans. Thompson was identified by an eyewitness as one of the men. Baskin, a co-defendant, said defendant participated. The car used for escape was stopped about four hours later and the defendant was in the back seat next to a bag containing 14 pairs of jeans with the department store tags on them. The evidence was sufficient.

2. After the voir dire of the jury and before it was sworn, defendant moved to require the State to justify its peremptory strikes, pursuant to *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

Although there is no transcript of the jury selection process, the proceedings below reflect that the panel of 42 from which the jury was stricken contained eight black jurors, 19 percent of the total. The State used five of its ten strikes, 50 percent, to strike blacks. Two blacks, 16.6 percent, were seated on the jury.

The State argues that, because the jury was selected from only 41 of the available jurors, not reaching the last available black person, the issue of defendant's prima facie showing should be considered using only 41 as the base. This would make the percentage of black persons seated equal to the percentage in the pool, defeating a prima facie case. *Stewart v. State*, 190 Ga. App. 162 (378 SE2d 387) (1989).

The total panel is considered in making the *Batson* computations. *Aldridge v. State*, 258 Ga. 75 (365 SE2d 111) (1988). Thus defendant did make out a prima facie case, and the trial court turned to the State. It explained that three of the five strikes occurred because the prospective jurors were near the same age as the defendant and would identify with him, plus one of these three was a social worker who would tend to identify with persons in lower socio-economic circumstances such as defendant. Another one of the three was perceived to be timid and might be easily influenced by other jurors. A fourth was said also to be stricken due in part to the age factor in that she had five children in the same age range as defendant; she also exhibited faulty memory. The fifth, it was said, was not responsive during voir dire and did not appear to be paying attention and would probably not do so during trial. These explanations did not re-

quire a conclusion of unconstitutionality as to racial neutrality in the exercise of peremptory challenge. *Gamble v. State*, 257 Ga. 325, 326 (5) (357 SE2d 792) (1987).

Defendant argues that white jurors in this same age group were accepted by the State. The State disputes this. "We cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court." *Garrison v. Dept. of Human Resources*, 184 Ga. App. 449 (361 SE2d 860) (1987); *Bonds v. State*, 188 Ga. App. 135 (372 SE2d 448) (1988).

3. Defendant enumerates as error the trial court's exclusion of evidence of the involvement of Riggins. The alleged error occurred during cross-examination of Officer Hickey, who had spotted the car containing defendant, Baskins, and Baskins' common law wife Ms. Cobb. Baskins told the officer that Ms. Cobb was not involved but that Riggins and defendant were the two who went into the store while he and Ms. Cobb went to get ice cream. When they returned, defendant and Riggins were coming out of the store with the jeans. The eyewitness said there were only three people in the car as it left, the two men with the jeans and the driver.

Officer Hickey testified before co-defendant Baskins and the State did object, on the basis of irrelevancy, to Hickey's testimony concerning Baskins' statement about Riggins. The court told defendant that if the evidence were being elicited to impeach Baskins, it would allow the officer to be recalled for this purpose. When Baskins testified, he gave the same recitation he had given the officer, implicating Riggins. The officer was not recalled.

Since the evidence came in later through Baskins, no harm could be shown and therefore no reversible error, even if there was error. *Chenault v. State*, 234 Ga. 216, 220 (2) (215 SE2d 223) (1975).

4. Defendant contends that the court's charge on recent possession was impermissibly burden shifting. *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985); *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979).

The charge as given was from Vol. 2 Suggested Pattern Jury Instructions, p. 125. It has been upheld and is not subject to the objection urged. *Moon v. State*, 258 Ga. 748, 758 (27) (375 SE2d 442) (1988); *Williamson v. State*, 248 Ga. 47 (281 SE2d 512) (1981); *Martin v. State*, 179 Ga. App. 551, 554 (7) (347 SE2d 247) (1986).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 4, 1990.

*Andrew C. Dodgen*, for appellant.
*Douglas C. Pullen*, District Attorney, *J. Mark Shelnutt*, Assis-

▉▉▉       ▉▉▉▉▉▉▉▉

*tant District Attorney*, for appellee.