S95A1453. TRICE v. THE STATE.
S95A1454. HEAD v. THE STATE.
(464 SE2d 205)

CARLEY, Justice.

Appellants William Trice and Stephen Head were tried jointly before a jury. Trice was found guilty of malice murder and armed robbery, Head was found guilty of felony murder while in the commission of an armed robbery, and both were found guilty of burglary, aggravated battery, possession of a firearm while in the commission of a crime, and possession of a firearm by a convicted felon. The trial court entered judgments of conviction and sentences on the jury's guilty verdicts, including sentences of life imprisonment on the murder counts. Thereafter, separate motions for new trial were filed and, when those motions were denied, separate notices of appeal were filed.[1] The two appeals are consolidated for disposition in this single opinion.

1. The State produced evidence showing that Trice and Head

---

[1] The crimes occurred on November 16, 1992 and the indictment was returned on February 9, 1994. The guilty verdicts were returned on March 24, 1994 and the judgments of conviction and sentences were entered on April 11, 1994. Trice's motion for new trial was filed on April 14, 1994, Head's motion for new trial was filed on April 20, 1994 and amended on April 7, 1995, and both motions were denied on May 18, 1995. Head's notice of appeal was filed on May 24, 1995, followed by Trice's on May 30, 1995. The cases were docketed in this Court on June 9, 1995 and were submitted for decision on July 31, 1995.

were walking towards the victim's store shortly before the crimes were committed. The victim was beaten with a gun, kicked and robbed, became paralyzed and died about 13 months later. The victim identified his attackers as two men of differing height and weight. Trice and Head fit this description and, immediately after the crimes, Trice was identified as leaving the scene in the company of another man of differing height and weight. Appellants then fled the state together, and Trice made an incriminating admission during a telephone call to Head's brother. Under this evidence, the only possible hypothesis other than the guilt of both Trice and Head is that another man replaced Head for a very short period of time and that, when the other participant left Trice's company, Head immediately rejoined Trice and fled with him. The jury was authorized to find that this hypothesis was unreasonable and that each appellant was guilty of the crimes charged beyond a reasonable doubt and to the exclusion of every reasonable hypothesis save that of guilt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Grace v. State*, 262 Ga. 746, 748 (4) (425 SE2d 865) (1993); *Brown v. State*, 260 Ga. 153, 154 (1) (391 SE2d 108) (1990).

2. Both appellants urge that the State exercised its peremptory strikes along racial lines as prohibited by *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Three of the prospective jurors challenged by the prosecutor are black. The prosecutor stated reasons for his challenges, and the trial court found that each of those reasons was race-neutral. Thus, we pretermit the question of the existence of a prima facie case of racial discrimination and consider appellants' contention that the State's reasons for two of the strikes were not racially neutral. *Batton v. State*, 260 Ga. 127, 129 (2) (391 SE2d 914) (1990); *Lee v. State*, 258 Ga. 481, 482 (2) (371 SE2d 389) (1988).

The reason given for one strike was the prospective juror's employment by the Job Corps and the prosecutor's prior experience with lack of cooperation by Job Corps employees. The reasons given for the other strike were the prospective juror's unresponsiveness and sleeping in the jury box. The nature of a prospective juror's employment "is not a characteristic that is peculiar to any race." *Purkett v. Elem*, ____ U. S. ____ (115 SC 1769, 1771, 131 LE2d 834) (1995); *Jackson v. State*, 265 Ga. 897 (2) (463 SE2d 699) (1995) (employment with a bonding company). See also *Higginbotham v. State*, 207 Ga. App. 424, 426 (3) (428 SE2d 592) (1993) (employment as a pastor); *Hillman v. State*, 184 Ga. App. 712, 713 (1) (362 SE2d 417) (1987) (employment at Legal Services). Likewise, a strike based upon a prospective juror's lack of responsiveness during voir dire and sleeping is a race-neutral peremptory challenge. See *Thompson v. State*, 194 Ga. App. 163 (2) (390 SE2d 253) (1990) (unresponsive); *Evans v. State*,

183 Ga. App. 436, 440 (3) (359 SE2d 174) (1987) (unresponsive); *Asbury v. Georgia World Congress Center*, 212 Ga. App. 628, 629 (1) (442 SE2d 822) (1994) (sleeping). Therefore, the trial court did not err in finding that the reasons articulated by the prosecutor were race-neutral. Appellants failed to establish "that the reasons given by the State were merely pretexts for purposeful racial discrimination. [Cit.]" *Henry v. State*, 265 Ga. 732 (2) (462 SE2d 737) (1995) (citing *Purkett v. Elem*, supra).

3. The trial court did not abuse its discretion in denying Head's motion for severance. *Smith v. State*, 263 Ga. 224 (2) (430 SE2d 579) (1993); *Harrell v. State*, 253 Ga. 474, 475 (2) (321 SE2d 739) (1984).

*Judgments affirmed. All the Justices concur.*

DECIDED DECEMBER 4, 1995 — RECONSIDERATION DENIED DECEMBER 18, 1995.

*Howard, Carswell & Bennett, Kenneth R. Carswell,* for appellant (case no. S95A1453).

*Zorn & Caldwell, Jerry W. Caldwell,* for appellant (case no. S95A1454).

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren, Assistant Attorney General,* for appellee.