## S99A0111. ROUNDTREE v. THE STATE.
(511 SE2d 190)

CARLEY, Justice.

The grand jury indicted Palmer Roundtree for the following offenses: one count of malice murder, along with alternative counts of felony murder-possession of a firearm by a convicted felon and felony murder-aggravated assault; separate counts of possession of a firearm by a convicted felon and aggravated assault; possession of a firearm during the commission of a crime; giving a false name to a law enforcement officer; and, possession of cocaine. A jury found Roundtree guilty on all counts, but, for the homicide, the trial court properly entered a judgment of conviction and life sentence only for malice murder. See *Malcolm v. State*, 263 Ga. 369, 371 (4) (434 SE2d 479) (1993). Because only the separate aggravated assault count merged into the malice murder count, the trial court correctly entered a judgment of conviction and a consecutive five-year sentence for the offense of possession of a firearm by a convicted felon. See *Malcolm v. State*, supra at 374 (5). On the remaining verdicts finding Roundtree guilty of possession of a firearm during the commission of a crime, providing a false name and possession of cocaine, the trial court entered judgments of conviction and a consecutive five-year sentence, a concurrent twelve-month sentence and a concurrent fifteen-year sentence respectively. Following the denial of his motion for a new trial, Roundtree brings this appeal.[1]

1. The State's evidence showed that, in 1989, Roundtree pled guilty to burglary, aggravated assault and possession of a firearm

---

[1] The homicide occurred on December 27, 1996, and Roundtree was arrested on January 1, 1997. The grand jury returned its indictment on March 19, 1997, and the jury returned its guilty verdicts on January 16, 1998. The trial court entered the judgments of conviction and sentences on January 23, 1998. Roundtree filed a motion for new trial on February 4, 1998, which the trial court denied on August 7, 1998. Roundtree filed his notice of appeal on August 28, 1998, and the case was docketed in this Court on October 14, 1998. The case was submitted for decision on December 7, 1998.

during the commission of a felony, but that he was released on parole in October of 1996. Less than two months later, Roundtree encountered the victim as she waited outside the building where she worked in Savannah. An eyewitness saw him struggle with the victim and then shoot her. Roundtree fled to the home of nearby relatives, where he admitted killing the victim because he felt that she slighted him when he asked her what time it was. Upon his arrest for the homicide, Roundtree gave a false name to the officers and had in his possession cocaine. This evidence is sufficient to authorize the jury to find proof beyond a reasonable doubt that Roundtree was guilty of all of the crimes for which he was convicted and sentenced. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Roundtree enumerates as error the denial of his motion for a change of venue based upon pretrial publicity. Such a motion invokes the trial court's discretion. *Dixson v. State*, 269 Ga. 898 (2) (506 SE2d 128) (1998). As the movant, Roundtree had the burden of showing either that Chatham County was an inherently prejudicial venue or that the jury selection process revealed the existence of actual prejudice which prevented him from receiving a fair trial. *Happoldt v. State*, 267 Ga. 126, 128 (2) (475 SE2d 627) (1996).

A finding that pretrial publicity has so infected a community as to render it an inherently prejudiced venue is authorized only in extremely rare situations. *Ross v. State*, 268 Ga. 122, 123 (1) (485 SE2d 780) (1997). Here, the record supports the trial court's finding that the purportedly prejudicial publicity, which antedated Roundtree's trial by a considerable number of months, was factual and balanced, rather than unnecessarily inflammatory and slanted. See *Happoldt v. State*, supra at 128 (2). Under these circumstances, the trial court did not abuse its discretion in denying Roundtree's motion. *Dixson v. State*, supra at 898 (2).

With regard to the alternative ground of actual prejudice, the record shows that only one-half of the prospective jurors was aware of the publicity and none expressed a fixed opinion as to Roundtree's guilt based upon exposure to the media coverage. Under these circumstances, the trial court did not abuse its discretion in denying the motion for a change of venue on this alternative ground. See *Dixson v. State*, supra at 898 (2); *Jenkins v. State*, 268 Ga. 468, 469 (2) (491 SE2d 54) (1997).

3. Asserting that possession of a firearm by a convicted felon was an unrelated offense, Roundtree moved unsuccessfully to sever that count of the indictment for a separate trial. The offense clearly was connected to the other crimes, however, as it was the predicate felony in one of the alternative felony murder counts. Thus, the trial court correctly denied the motion to sever. *Haynes v. State*, 269 Ga. 181, 182 (3) (496 SE2d 721) (1998); *Williams v. State*, 263 Ga. 135, 136 (1)

(429 SE2d 512) (1993).

The trial court also denied Roundtree's motion to sever the possession of cocaine count for separate trial. This crime also was a related offense, because it was a circumstance of Roundtree's arrest for the homicide for which he was being tried. Therefore, the trial court correctly denied the motion to sever this count. See *Carter v. State*, 269 Ga. 420, 422 (3) (499 SE2d 63) (1998).

4. Roundtree contends that the trial court erred in failing to suppress his in-custody statement, because his request for counsel was ignored by the interrogating officer. A review of the statement shows that, at one point, Roundtree did say to the officer: "Basically, I don't even want to talk to you no more, man, 'cause y'all trying to stick a murder on me." However, this comment does not constitute even an ambiguous invocation of Roundtree's right to counsel. " 'If the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him.' [Cit.]" *Jordan v. State*, 267 Ga. 442, 445 (1) (480 SE2d 18) (1997). Therefore, the trial court properly admitted Roundtree's statement for the jury's consideration.

5. The State used three of its peremptory strikes against African-American prospective jurors. In response to Roundtree's *Batson* motion, the State offered the following explanations: one of the jurors was elderly and seemed to have difficulty paying attention; another expressed her belief that the police are more aggressive where, as here, the victim is white; and, the third juror was very young and had no significant connection with the community. The trial court found these explanations sufficient and denied Roundtree's motion. He enumerates that ruling as error.

Roundtree does not contend that any of the State's explanations are factually untrue. Instead, he argues that none is sufficient to warrant denial of the *Batson* motion. However, all of them are race-neutral. Regardless of a prospective juror's race, the State may reasonably base its use of a peremptory strike upon a suspected inability to follow the proceedings, a possible bias against the police or a perceived lack of community involvement. See *Minor v. State*, 264 Ga. 195, 197 (5) (442 SE2d 754) (1994) (lack of commitment and dedication to the community); *Jones v. State*, 226 Ga. App. 428, 429 (1) (c) (487 SE2d 62) (1997) (possible bias against police); *Thompson v. State*, 194 Ga. App. 163 (2) (390 SE2d 253) (1990) (inattention). Apparently, a young white prospective juror was accepted by the State as an alternate, but, unlike the African-American juror, she had been a victim of a crime. Thus, the two are not comparable. The alternate juror, despite her youth, became acceptable to the State due to an additional attribute, whereas the stricken juror continued to be unacceptable because youth remained the overriding factor in

assessing him for jury service. See *Freeman v. State*, 268 Ga. 181, 183 (1) (486 SE2d 161) (1997). Compare *Blair v. State*, 267 Ga. 166, 167 (2) (476 SE2d 263) (1996). A trial court's findings with regard to a *Batson* motion are entitled to great deference and will be accepted unless clearly erroneous. *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674) (1998). Applying that standard here, the trial court did not err in denying Roundtree's *Batson* motion.

6. The trial court allowed evidence of the crimes to which Roundtree pled guilty in 1989 over his objection to their remoteness. Because of their similarity to the indicted crimes which he denied committing, the State proffered evidence of Roundtree's prior offenses as relevant to the issue of identity. See *Smith v. State*, 267 Ga. 363, 364 (3) (478 SE2d 379) (1996). Those prior offenses were not so remote as to be irrelevant to the issue of identity, especially since Roundtree had been incarcerated for most of the intervening period and, thus, had no opportunity to commit any other offenses. See *Moore v. State*, 207 Ga. App. 412, 416 (1) (b) (427 SE2d 779) (1993). Moreover, without regard to the similarity of the prior offenses, it appears that evidence thereof would be admissible to prove an element of Roundtree's guilt of the crime of possession of a firearm by a convicted felon. See *Prather v. State*, 247 Ga. 789, 790 (2) (279 SE2d 697) (1981).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 1999.

*Orin L. Alexis, Charles W. Bell,* for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.