### A00A0893. HOOD v. THE STATE.
(537 SE2d 788)

MILLER, Judge.

Jamie Hood was tried before a jury and found guilty of armed robbery. On appeal he challenges the sufficiency of the evidence and further contends the trial court erred in (1) denying his motion in limine, (2) denying a motion for mistrial, and (3) overruling his challenge to the State's use of peremptory strikes. We affirm.

1. George McKeehan identified Hood as the man who put a gun to McKeehan's head, demanding money and threatening to kill McKeehan. McKeehan gave him $3, and Hood ran off. The victim's in-court identification of defendant is sufficient under the standard of *Jackson v. Virginia*[1] to authorize the jury's verdict that Hood is guilty, beyond a reasonable doubt, of the armed robbery alleged in the indictment.[2] The enumeration of the general grounds is without merit.

2. Hood next enumerates the denial of his motion in limine to exclude cross-examination of an alibi witness about when she had accused him of kidnapping and raping her.

In general, "[t]he state of a witness's feelings toward the parties and [her] relationship to them may always be proved for the consideration of the jury."[3] In this case, proof that the alibi witness had accused Hood, her boyfriend, of kidnapping and rape but then declined to prosecute her paramour was relevant and admissible to show bias on her part as an alibi witness.[4] Such evidence does not impermissibly place a defendant's character in issue.[5] The trial court

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Ferguson v. State*, 221 Ga. App. 415, 419 (2) (471 SE2d 528) (1996).
[3] OCGA § 24-9-68.
[4] See, e.g., *Perdue v. State*, 126 Ga. 112, 113 (14) (54 SE 820) (1906).
[5] *Mitchell v. State*, 207 Ga. App. 306, 307 (1) (427 SE2d 814) (1993).

did not err in denying Hood's motion in limine.

3. After a previous trial and guilty verdict in December 1997, Hood was granted a new trial due to ineffective assistance of counsel. At the second trial, Hood took the stand and claimed that, on the evening in question, he was at his mother's house until he drove to Athens Regional Hospital to pick up his girlfriend, who clocks out at 11:30 p.m. During cross-examination, the following transpired:

[STATE'S ATTORNEY]: Mr. Hood, we've already had one trial. Remember that? [DEFENDANT]: Yes, sir. [STATE'S ATTORNEY]: You didn't cry at that one. [DEFENDANT]: I'm not crying. [STATE'S ATTORNEY]: You teared up a little bit. You didn't do any of that at the first one. Why are you doing it today? [DEFENDANT]: Doing what? [STATE'S ATTORNEY]: Starting to tear up here on us. Why are you doing that? You didn't do any of that at the first trial. [DEFENSE COUNSEL]: Your Honor, I'm going to object. . . .

Counsel moved for a mistrial due to "the fact that they now know that it's a retrial is prejudicing Mr. Hood's chance of getting a fair trial." The trial court instructed the jury to disregard any reference to a previous trial and to determine the case based on the evidence presented in this trial. Hood excepted to the adequacy of curative instructions.

Where there is no mention of the result of a prior judicial proceeding, the bare reference to an earlier trial does not necessarily imply a conviction and reversal on appeal. The equally rational inference is a mistrial[6] due to the inability to achieve a unanimous verdict. Since the record contains no reference to the earlier verdict of guilt, the trial court's curative instructions were adequate to remove the subject from the jury's consideration.[7]

4. The fourth enumeration contends the trial court erred in concluding that the State had established a race-neutral reason for one of the five[8] African-American venire excused by peremptory challenges. Although one African-American female was accepted by the State, the trial court determined that a prima facie case of discrimi-

---

[6] *Carroll v. State*, 147 Ga. App. 332, 335 (5) (248 SE2d 702) (1978).

[7] *Burnett v. State*, 240 Ga. 681, 686-687 (6) (242 SE2d 79) (1978). See *Pruitt v. State*, 176 Ga. App. 317, 318-319 (2) (335 SE2d 724) (1985) (curative instructions sufficient to neutralize prejudice from irrelevant reference to finding by prison disciplinary committee that the accused was guilty of escape).

[8] In noncapital felony cases, OCGA § 15-12-165 grants the accused 12 peremptory challenges and the State half that number.

nation was made. The proffered reason for striking juror 12 was that she

> sat back there and slept most of the time. I didn't like her responses to my questions. She seemed to be evasive, but mainly just her sitting there and sleeping through the entire voir dire selection. If she has that much trouble . . . staying awake, then she'll have a problem staying awake more during the case.

When given an opportunity to rebut or refute these reasons, Hood pointed to the absence of support in the record for four jurors but had no reply regarding the contention that juror 12 had a hard time staying awake. Hood chose instead to stand on the stated objections. The trial court concluded that Hood had failed to carry his burden of proof as the opponent of the strikes.

On appeal, Hood argues that the record is inadequate to support the stated reason because the State did not bring the sleeping juror to the attention of the court. Hood's reliance on *Parker v. State*[9] for this proposition is misplaced, for that case is not binding precedent under Court of Appeals Rule 33 (a).[10] It is true that *during trial*, a party who desires to object to a sleeping juror must bring that fact to the attention of the court.[11] But in making the initial selection of the jurors to try a case, the inattentiveness of an apparently sleeping prospective juror is certainly a case-related, race-neutral reason for exercising a peremptory challenge.[12] As the opponent of the strike, Hood bore the onus to make a record supporting his contentions.[13] The trial court did not err in overruling Hood's challenge to the State's use of peremptory strikes.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 28, 2000.

*Thomas J. Killeen*, for appellant.

---

[9] 219 Ga. App. 361, 363 (1) (464 SE2d 910) (1995) (physical precedent only).

[10] If there is a special concurrence without a statement of agreement with all that is said in the opinion, "the opinion is a physical precedent only."

[11] *Foster v. State*, 255 Ga. 425, 426 (2) (339 SE2d 256) (1986) (what a litigant may not do is observe a juror sleeping, fail to bring this to the judge's attention at a time when corrective action may be had, take a chance on a favorable verdict, and only when the verdict is unfavorable move for a mistrial or new trial because of the otiose juror).

[12] *Trice v. State*, 266 Ga. 102, 103 (2) (464 SE2d 205) (1995).

[13] "As in any equal protection case, the burden is, of course, on the [party] who alleges discriminatory selection of the venire [or petit jury] to prove the existence of purposeful discrimination." (Citations and punctuation omitted.) *Batson v. Kentucky*, 476 U. S. 79, 93 (III) (B) (106 SC 1712, 90 LE2d 69) (1986).

*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney,* for appellee.