A01A1941. FREEMAN v. THE STATE.
(559 SE2d 146)

MILLER, Judge.

The primary issue on appeal is whether the trial court clearly erred in finding that the defendant did not carry his burden in showing the prosecution's jury strikes were racially motivated. Since there was evidence from which the trial court could reach this conclusion, we affirm. The secondary issue concerns the defendant's claim that trial counsel was ineffective, an issue raised for the first time on appeal. Inasmuch as appellate counsel did not have an opportunity to raise this earlier, we remand the case for an evidentiary hearing on this issue.

At the conclusion of voir dire, Vashon Lakeith Freeman raised a *Batson*[1] challenge regarding five of the prosecution's juror strikes. The judge conducted an inquiry, upholding four of the strikes and reseating one of the jurors. The trial followed, and based on the testimony of several eyewitnesses identifying him as the shooter in an altercation, Freeman was convicted of aggravated battery, aggravated assault (two separate counts), and possession of a firearm during the commission of a felony.

His trial counsel moved for a new trial on the general grounds, which was denied. New counsel appeared within 30 days and immediately filed a notice of appeal as well as a motion to reconsider the order denying the new trial motion. The court held that the appeal divested it of jurisdiction to hear the motion for reconsideration. On

appeal Freeman enumerates two errors, both of which were argued in the unheard motion to reconsider: (1) the trial court erred in its *Batson* rulings, and (2) the trial court erred in denying his motion for new trial on ineffective assistance grounds.

1. The United States Supreme Court in *Purkett v. Elem*[2] established a three-step test for evaluating challenges to peremptory strikes on *Batson* grounds. First, the opponent of a peremptory challenge must make a prima facie showing of racial discrimination. Second, the burden of production then shifts to the proponent of the strike to give a race-neutral reason for the strike. Third, after hearing from the opponent of the strike and considering the totality of the circumstances, the trial court then decides whether the opponent of the strike carried his burden of proving discriminatory intent in fact motivated the strike.[3]

In judging the third step, the trial court may consider, among other things, whether the opponent of the strike is able to show that similarly situated members of another race were seated on the jury and whether the race-neutral explanation proffered by the strike's proponent is so implausible or fantastical that it renders the explanation pretextual.[4] Only the trial court, who has the opportunity to observe the proponent's demeanor, may assess her credibility.[5] On appeal, "[t]he trial court's findings concerning whether the opponent of the strike has carried the burden of persuasion are entitled to great deference and will be affirmed unless clearly erroneous."[6]

Freeman challenges the court's findings on four jurors. No party disputes the validity of the court's finding at the outset that the prosecutor's exercise of five of her six peremptory challenges to strike members of Freeman's minority race was a sufficient prima facie showing of racial discrimination. We will consider the other two steps with regard to each challenged juror.

(a) Juror No. 9 was a retired nurse who formerly worked at Central State Hospital. The prosecutor asserted that she struck her because the State sent many defendants to be evaluated by the hospital and she felt that the juror may be connected therewith. The court concluded that this was a race-neutral reason and invited Freeman to make a showing that the strike was in fact motivated by discriminatory intent. Freeman responded that there had been no showing that the juror indeed had any connection with any defendant sent

---

[2] 514 U. S. 765, 767-769 (115 SC 1769, 131 LE2d 834) (1995).

[3] See *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996); *Williams v. State*, 249 Ga. App. 292, 293 (548 SE2d 63) (2001).

[4] *Turner*, supra, 267 Ga. at 151 (2).

[5] *Jones v. State*, 240 Ga. App. 339, 342 (1) (523 SE2d 402) (1999).

[6] (Citation omitted.) *Turner*, supra, 267 Ga. at 151 (2).

to the hospital for evaluation. The court concluded that Freeman had not carried his burden of showing discriminatory intent.

A juror's occupation is certainly a race-neutral reason for a strike.[7] Freeman's attempt to show that this reason was pretextual by pointing out the prosecutor's failure to inquire further into the details of the juror's possible connection or bias did not require the court to hold that he carried his burden of showing that the strike was racially motivated.[8] Evidence supported the court's ruling.

(b) Juror No. 11 was an elderly woman who had her eyes closed throughout the voir dire process. The prosecutor argued that she always struck people that showed no interest in the case, a reason the court found was race-neutral. When the court asked Freeman to make his showing of pretext, he responded only that if the juror was not interested, she would not be in the jury pool. The court found that Freeman had not met his burden. Georgia courts have upheld similar findings where the challenged juror was elderly and seemed to have difficulty paying attention.[9]

(c) Juror No. 16 was a young, single woman who the prosecutor felt would sympathize with similarly aged and single Freeman and who appeared very disinterested in the case. The court held that this was a race-neutral reason and invited Freeman to show pretext. Freeman responded only that when the prosecutor questioned the jurors as a group, this juror did not say she knew any of the witnesses. The court held that Freeman had not carried his burden. We have upheld strikes of jurors based on their age and family situations.[10]

(d) Juror No. 20 was Sylvester Butts, a man whose English the prosecutor could not understand. The prosecutor also pointed out that her office had prosecuted a man by that same name on a drug charge. The court found this was a race-neutral reason and invited Freeman to show the strike was racially motivated. Freeman responded that the prosecutor could have asked the juror to repeat his answers and that there was no showing that this was the same Sylvester Butts. The court found that Freeman had not carried his burden.

---

[7] *Trice v. State*, 266 Ga. 102, 103 (2) (464 SE2d 205) (1995); see *Jones*, supra, 240 Ga. App. at 342 (1).

[8] See, e.g., *Jones*, supra, 240 Ga. App. at 342 (1); *Williams v. State*, 236 Ga. App. 190, 191 (1) (511 SE2d 561) (1999).

[9] *Roundtree v. State*, 270 Ga. 504, 506 (5) (511 SE2d 190) (1999); see *Trice*, supra, 266 Ga. at 103-104 (2) (unresponsive or sleepy). Freeman's reliance on *Parker v. State*, 219 Ga. App. 361, 363-364 (1) (464 SE2d 910) (1995), in this regard is misplaced, as *Parker* is nonprecedential. See Court of Appeals Rule 33 (a); *Hood v. State*, 245 Ga. App. 391, 393 (4) (537 SE2d 788) (2000).

[10] See *Jones*, supra, 240 Ga. App. at 342 (1).

Not being able to understand the responses of a potential juror who has the same first and last name as a man prosecuted by the local district attorney's office on a drug charge provides sufficient reason for striking the juror.[11] We accord deference to the trial court coming to this same conclusion.[12]

Contrary to Freeman's assertions, the court with each juror carefully followed the three-step procedure. As evidence supported its findings, the court did not clearly err in concluding that Freeman failed to carry his burden of showing the strikes were racially motivated.

2. Freeman's second enumeration raises for the first time a claim of ineffective assistance of trial counsel.[13] Where the appellant did not have the opportunity to raise this issue in the trial court, we will ordinarily remand the case to the trial court for resolution of the issue through an evidentiary hearing.[14] Since appellate counsel appeared after Freeman's motion for new trial was denied, appellate counsel did not have an opportunity to raise the ineffectiveness issue below.[15] We remand the case to the trial court for an evidentiary hearing on this claim.[16]

*Judgment affirmed and case remanded. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 23, 2002.

*Debra G. Gomez*, for appellant.
*Howard Z. Simms, District Attorney, Myra H. Kline, Assistant District Attorney*, for appellee.

---

[11] See *Trammel v. State*, 265 Ga. 156, 157 (2) (454 SE2d 501) (1995) (substantial possibility that juror was subject of prior prosecution is valid grounds for striking); *Curry v. State*, 238 Ga. App. 511, 516-517 (2) (c) (519 SE2d 269) (1999) (same).

[12] Freeman's reliance on *Ridley v. State*, 235 Ga. App. 591 (1) (510 SE2d 113) (1998), is misplaced, as *Ridley* is nonprecedential. See Court of Appeals Rule 33 (a); *Curry*, supra, 238 Ga. App. at 516 (2) (c).

[13] Although Freeman asserted this as grounds in his motion for reconsideration of the order denying his new trial motion, the court correctly held that it could not address the reconsideration motion, as Freeman had simultaneously filed a notice of appeal. See *McCulley v. State*, 273 Ga. 40, 43-44 (4) (537 SE2d 340) (2000).

[14] *Holland v. State*, 240 Ga. App. 169, 171 (4) (523 SE2d 33) (1999).

[15] See id.

[16] See *Potter v. State*, 272 Ga. 430, 432 (3) (530 SE2d 725) (2000); *Hodges v. State*, 248 Ga. App. 23, 25 (3) (545 SE2d 157) (2001).