## S03A1259. WILLIAMS v. THE STATE.
(589 SE2d 563)

FLETCHER, Chief Justice.

A jury convicted Frankie Laundell Williams of malice murder, aggravated assault with intent to murder, aggravated assault with a deadly weapon, two counts of possession of a firearm during the commission of a crime and disorderly conduct in connection with the shooting death of Antonio Moreland.[1] Williams appeals, contending that his trial counsel rendered ineffective assistance of counsel. Because Williams failed to establish that his trial counsel was deficient in his preparation, we affirm. However, we must vacate the aggravated assault convictions and one possession conviction.

1. The evidence at trial showed that Frankie Williams and the victim, Antonio Moreland, had been drinking and watching basketball at Williams's apartment. Williams accused Moreland of taking money from him, and the two got into an argument. Williams went to his room and Moreland called his girlfriend on the telephone. While Moreland was talking on the phone with his girlfriend, Williams returned with a gun, said to Moreland "what are you going to do now m**f**r," and shot him once in the head.

After agreeing to accompany police officers to the station for

---

[1] The crimes occurred on June 2, 2001. The grand jury indicted Williams on January 25, 2002 for malice murder, felony murder, two counts of aggravated assault, two counts of possession of a firearm during the commission of a crime, and disorderly conduct. On February 13, 2002, following a trial, the jury found Williams guilty on all counts, and that same day, the trial court sentenced Williams to life imprisonment for malice murder, twenty years each on the aggravated assault convictions, to run concurrently with the life sentence, five years each on the possession convictions, to run concurrent with each other and consecutive to the life sentence, and to a 12-month term for disorderly conduct, to run consecutively. Williams filed a motion for new trial on March 15, 2002. The trial court announced his denial of the motion in open court on September 17, 2002, and in a written order on March 18, 2003. Williams filed his notice of appeal on September 17, 2002, the appeal was docketed in this Court on May 8, 2003, and submitted for decision without oral argument on June 30, 2003.

questioning, Williams suddenly became very belligerent and cursed at the officers.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Williams guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Although not raised by trial or appellate counsel,[3] we must vacate the sentences for aggravated assault and one of the sentences for possession. The convictions and sentences for aggravated assault must be vacated because the evidence shows that they both merge as a matter of fact with the malice murder conviction.[4] Furthermore, because the evidence shows the possession charges are based on the continuous possession of a single gun in an attack against a single victim, we must also vacate the conviction and sentence imposed on one of the possession charges.[5]

3. Williams contends that his trial counsel was ineffective. To establish a claim of ineffective assistance of counsel at trial, a defendant must show both that the attorney's performance was deficient and that the deficient performance prejudiced the defense.[6]

Williams asserts his counsel was ineffective because he failed to conduct any investigation of his case. The evidence at the motion for new trial hearing shows that trial counsel reviewed the police reports, spoke with most of the State's witnesses, reviewed statements from the remainder of the State's witnesses, visited the scene on two occasions, and met with Williams for a significant period just before trial to prepare him for trial and for testifying. The trial court credited trial counsel's testimony that he was prepared for trial and this factual finding is not clearly erroneous.[7] Accordingly, Williams has not demonstrated that his counsel was deficient in his preparation.

Williams also challenges the failure of trial counsel to seek severance of the disorderly conduct charge from the murder charge. The disorderly conduct charge stemmed from Williams' obstructive behavior when police arrested him for the murder. This Court has upheld joinder of two crimes when one crime is a circumstance of the arrest on the other crime.[8] Accordingly, Williams has not established

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Curtis v. State*, 275 Ga. 576, 577 (571 SE2d 376) (2003).

[4] See *Montes v. State*, 262 Ga. 473, 474 (421 SE2d 710) (1992).

[5] *State v. Marlowe*, 277 Ga. 383 (589 SE2d 69) (2003).

[6] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Suggs v. State*, 272 Ga. 85, 88 (526 SE2d 347) (2000).

[8] *Roundtree v. State*, 270 Ga. 504, 506 (511 SE2d 190) (1999); see also *Dukes v. State*, 273 Ga. 890, 893 (548 SE2d 328) (2001) (evidence of circumstances of arrest are subject to same standards of materiality and relevancy as other evidence).

any prejudice. Because Williams cannot establish prejudice, we need not decide whether his trial counsel was deficient for failing to consider the prejudicial effect the disorderly conduct charge may have had on the more serious charges.

*Judgment affirmed in part and vacated in part. All the Justices concur, except Hines, J., who concurs specially, and Carley and Thompson, JJ., who concur in part and dissent in part.*

HINES, Justice, concurring specially.

For the reasons set forth in my dissent in *State v. Marlowe*, 277 Ga. 383 (589 SE2d 69) (2003), I disagree with the analysis in Division 2 of the opinion that Williams's conviction for possession of a firearm during the commission of aggravated assault must be vacated because it is based on "the continuous possession of a single gun in an attack against a single victim." However, this possession conviction should be set aside because the predicate crime of aggravated assault merges as a matter of fact into the malice murder.

CARLEY, Justice, concurring in part and dissenting in part.

I concur in the affirmance of Williams' convictions and sentences for malice murder, possession of a firearm during the commission of the murder, and disorderly conduct. I also concur in vacating the separate convictions and sentences for the two aggravated assault counts. However, I dissent to the setting aside of the conviction and sentence for possession of a firearm during the commission of aggravated assault.

Citing *State v. Marlowe*, 277 Ga. 383 (589 SE2d 69) (2003), the majority holds that, "because the evidence shows the possession charges are based on the continuous possession of a single gun in an attack against a single victim, we must also vacate the conviction and sentence imposed on one of the possession charges." Majority opinion, p. 369. As indicated by my dissent in *Marlowe*, I do not agree that only one conviction for violating OCGA § 16-11-106 is authorized where the evidence shows that, during the continuous possession of a single firearm or knife, the accused commits a series of predicate felonies. According to its clear and unambiguous provisions, the statute "authorizes as many convictions for the continuing act of possession as are accompanied by underlying felonies committed over the course of a crime spree." *State v. Marlowe*, supra at 388 (Carley, J., dissenting).

Because OCGA § 16-11-106, when properly construed, imposes no statutory impediment to multiple convictions for multiple violations perpetrated during the accused's continuous possession of a weapon, I believe that the only relevant inquiry in this case is whether constitutional principles of double jeopardy bar Williams'

convictions for possessing a gun during the commission of aggravated assault and for possessing the same gun during the malice murder of the same victim. That depends upon whether they are considered the "same offense." See *Brown v. Ohio*, 432 U. S. 161, 164 (II) (97 SC 2221, 53 LE2d 187) (1977). Two crimes are not the "same" as a matter of constitutional law simply because their prosecution is based upon the same conduct of the defendant. See *United States v. Dixon*, 509 U. S. 688, 703 (IV) (113 SC 2849, 125 LE2d 556) (1993) (overruling the "same conduct" rule). They are considered different crimes so long as each "contains an element not contained in the other . . . ." *United States v. Dixon*, supra at 696 (II).

Malice murder requires proof of the specific intent to kill. Aggravated assault with a deadly weapon does not. *Riddle v. State*, 145 Ga. App. 328, 331 (1) (243 SE2d 607) (1978), overruled on other grounds, *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305) (1981). Aggravated assault with a deadly weapon requires proof of a general intent either to injure the victim or to commit the act which caused the victim to be reasonably apprehensive of receiving a violent injury. See *Dunagan v. State*, 269 Ga. 590, 591-594 (2) (502 SE2d 726) (1998). Murder does not. Therefore, for constitutional double jeopardy purposes, possession of a gun during the commission of aggravated assault is not the "same offense" as possession of the gun during the commission of a murder, even though the accused's conduct in committing both offenses overlaps to some extent. See *United States v. Dixon*, supra at 701 (III) (B) (holding that an offense requiring proof of the specific intent to kill is not the same as the crime of assault which requires no such proof).

As the majority concedes in Division 1, the evidence is sufficient to authorize a finding that Williams committed aggravated assault. Notwithstanding the merger of that crime into the homicide, his possession of the gun while intending to injure the victim or to frighten him authorizes his separate conviction and sentence for possession of a weapon during the commission of aggravated assault. His possession of the gun when he subsequently pulled the trigger and acted on the specific intent to kill the victim authorizes his separate conviction and sentence for possession of a weapon during the commission of malice murder. Therefore, the conviction and sentence for both violations of OCGA § 16-11-106 should be affirmed.

I am authorized to state that Justice Thompson joins in this opinion.

DECIDED NOVEMBER 17, 2003.

*Jennifer S. Hanson, Bruce S. Harvey*, for appellant.
*Robert E. Keller, District Attorney, Jack S. Jennings, Assistant*

*District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General, for appellee.*