A07A0241. BIRT v. THE STATE.
(645 SE2d 596)

SMITH, Presiding Judge.

Demetrius Antwan Birt was convicted by a Jefferson County jury of aggravated assault and criminal damage to property in the first degree. His amended motion for new trial was denied, and in a single enumeration of error he appeals only the damage to property conviction, contending the evidence did not support it. We disagree and affirm.

Construed to support the jury's verdict, the evidence shows that Birt was the driver of a pickup truck that attracted the attention of a City of Wrens police officer by "just barely moving" down the street at 4:30 in the morning. Concerned that the driver was intoxicated, the officer followed the truck until it pulled into the parking lot of an apartment building and stopped. The officer approached the truck, and Birt suddenly jumped out and shot at the officer, striking him twice, in the leg and hand. The officer testified that he recognized his

assailant, and he radioed dispatch that he had been shot by Demetrius Birt. Evidence was presented that seven shots were fired by Birt, and one of the bullets that missed the officer traveled into the nearby apartment building, damaging the window and several walls of a resident's unit.

Birt argues that he cannot be convicted of criminal damage to property because he intended to strike the police officer, not the apartment. But it is black-letter law that "[u]nder the doctrine of transferred intent, when an unintended victim is struck down as a result of an unlawful act actually directed against someone else, the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it." (Citation and punctuation omitted.) *Happoldt v. State*, 267 Ga. 126, 127 (1) (b) (475 SE2d 627) (1996). The principle of transferred intent applies equally to criminal damage to property. In *Rentz v. State*, 162 Ga. App. 357, 357-358 (1) (291 SE2d 434) (1982), we affirmed the conviction of the appellant for criminal damage to property as well as aggravated assault when he fired a gun at two victims, missed, and struck a grocery store, causing damage to the window and interior. The evidence was sufficient to enable a rational trier of fact to find Birt guilty beyond a reasonable doubt of criminal damage to property. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED APRIL 13, 2007.

*James I. Collins, Jr.*, for appellant.
*William S. Askew, District Attorney, Adriane L. Love, Samuel H. Altman, Assistant District Attorneys*, for appellee.