A08A1303. BURRELL v. THE STATE.
(667 SE2d 394)

PHIPPS, Judge.

James Burrell was convicted on one count each of kidnapping, aggravated assault, criminal trespass, and on two counts of making terroristic threats. In this appeal, he complains that the admission of certain evidence improperly placed his character in issue. He also challenges the sufficiency of the evidence to support his conviction of criminal trespass. Finding no merit in either claim of error, we affirm.

Patti McGullian was the victim of the kidnapping, aggravated assault, and one of the terroristic threats. Testimony given by her and other witnesses showed that shortly after she met Burrell, the two developed an intimate relationship that quickly deteriorated because of his jealousy, physical abuse, and obsessiveness with her. She attempted to sever their relationship by hiding from him, but he discovered her whereabouts and threatened to harm her and other members of her family. As a result, she agreed to meet him at a public place in an effort to get "all the madness to stop." After she arrived,

---

however, he persuaded her to go elsewhere and then overpowered her and held her captive for several days. During that time, he drove the two of them to a Wal-Mart, where she attempted to escape by running away from him in the store. But he subdued her and forced her back into her car at knife point. After she escaped from the car, he threw the knife at her. The knife missed her but hit a vehicle in the parking lot. She fled to the protection of store security officers. He then fled the scene.

1. Burrell first charges the trial court with an abuse of discretion in denying his motion for mistrial during the prosecutor's cross-examination of a defense witness.

The witness was Burrell's former wife, Charity Mayotte. On direct examination, she testified that she had seen McGuillian and Burrell together in public during the time of the commission of the crimes and that Burrell did not seem to be forcing McGuillian to do anything. During cross-examination, the prosecutor asked Mayotte whether she was afraid of Burrell. When she answered that she was not, the prosecutor asked whether it was true that he had beaten her on prior occasions. Defense counsel objected and moved for a mistrial outside the presence of the jury on the ground that the testimony sought to be elicited from the witness improperly placed Burrell's character in issue. After the prosecutor argued that the testimony was admissible to show whether the witness was testifying under duress or out of fear of the accused, the court allowed the witness to testify that although Burrell had beaten her in the past, she was no longer afraid of him.

> It is proper for the State's counsel, in the cross-examination of a witness for the accused, to bring out the relationship existing between the witness and the accused, for the purpose of showing the bias or prejudice of the witness, or for the purpose of showing the probability that the witness is testifying in behalf of the accused by reason of duress or fear.[1]

"[A] defendant's character is not placed in evidence in the sense that doing so is proscribed where the evidence, offered for another purpose, may tend incidentally to do so."[2] "In general, the state of a witness's feelings toward the parties and her relationship to them

---

[1] *Whatley v. State*, 165 Ga. App. 13 (1) (299 SE2d 87) (1983) (citations and punctuation omitted).

[2] *Mitchell v. State*, 207 Ga. App. 306, 307 (1) (427 SE2d 814) (1993) (citation and punctuation omitted).

may always be proved for the consideration of the jury."[3] For these reasons, the testimony elicited from the witness was admissible and provided no cause for declaration of a mistrial.

2. Burrell challenges the sufficiency of the evidence to support his conviction of criminal trespass because, among other things, the evidence did not show any monetary amount for the damage to the property.

> A person commits the offense of criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less or knowingly and maliciously interferes with the possession or use of the property of another person without consent of that person.[4]

The indictment charged Burrell with criminal trespass based on allegations that he had damaged a Chevrolet Tahoe, the property of Nancy Holloway, by hitting the Tahoe with a knife and causing damage less than $500. Testimony given by the investigating police officer authorized the jury to find that the knife thrown by Burrell at McGuillian had hit a Chevrolet Tahoe owned by Edward Holloway and had damaged it by creating two dents in the right front door.

In challenging the sufficiency of this evidence to support his criminal trespass conviction, Burrell relies on *Johnson v. State*.[5] *Johnson* stands for the general proposition that evidence failing to show the monetary amount of damage done to property is insufficient to support a conviction of criminal trespass. But after *Johnson* was decided, *Matthews v. State*[6] recognized the rule that jurors may draw from their own experience in forming estimates of damage to everyday objects. *Matthews*, nonetheless, found the rule inapplicable there and reversed the defendant's conviction of criminal trespass, because the defendant's conviction was based on evidence that he had fired his shotgun at an election yard sign and the evidence did not show whether the sign had any recognizable monetary value. We find the rule applicable here, however, because the evidence showed that the knife thrown by Burrell put two dents in the door of an operable motor vehicle, which does have recognizable monetary value. Drawing from their own experience in forming estimates of damage to everyday objects, the jurors could have found that Burrell

---

[3] *Hood v. State*, 245 Ga. App. 391 (2) (537 SE2d 788) (2000) (punctuation and footnote omitted).

[4] OCGA § 16-7-21 (a).

[5] 156 Ga. App. 411, 412-413 (2) (274 SE2d 778) (1980).

[6] 224 Ga. App. 407, 408-409 (2) (481 SE2d 235) (1997).

had thereby caused monetary damage to the vehicle. The variance between the allegations and proof of ownership of the vehicle was in no way fatal under the facts of this case.[7] And under the doctrine of transferred intent, the jury could have found that Burrell had the requisite criminal intent to commit the crime of criminal trespass to property when he unintentionally struck the Chevy Tahoe with the knife he intentionally threw at his former girlfriend.[8] Viewed in a light most favorable to support the verdict, the evidence was sufficient to authorize a rational trier of fact to find Burrell guilty beyond a reasonable doubt of criminal trespass.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 15, 2008.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellee.

---

[7] See generally *Delacruz v. State*, 280 Ga. 392, 396-397 (3) (627 SE2d 579) (2006).
[8] See *Birt v. State*, 285 Ga. App. 105, 106 (645 SE2d 596) (2007).
[1] OCGA § 16-6-4 (a).
[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).