## A00A2046. BAILEY v. THE STATE.

(539 SE2d 191)

ELDRIDGE, Judge.

A Towns County jury found Larry Gene Bailey guilty of burglary. In two related enumerations of error, Bailey contends that the State's evidence was insufficient to disprove his coercion defense and to establish his guilt. After reviewing the evidence, we affirm Bailey's conviction.

[12] *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985).
[13] *Kimbrough v. State*, 215 Ga. App. 303, 305 (3) (450 SE2d 457) (1994).

Viewed to uphold the jury's verdict,[1] the evidence at trial showed that the door to the victim's home was kicked open between the evening of November 14, 1997, and the morning of November 15, 1997. A single muddy footprint was found on the door. One set of muddy tennis shoe tracks went from the door through the house to a room containing a gun cabinet. The door of the gun cabinet was pried open, and numerous weapons were taken; jewelry was also removed from the house. The single set of muddy tracks then exited the house and disappeared into the construction gravel on the shoulder of Upper Bell Creek Road, Towns County, which ran next to the victim's house. Pursuant to investigation, appellant Bailey was arrested for the burglary.

While incarcerated Bailey asked to speak to the investigating officer. After *Miranda*[2] warnings were read to him, Bailey gave the investigator a statement in which he admitted the offense, but claimed that he kicked in the victim's door because another man he was with at the time, J. G., forced him to at knifepoint and threatened to kill him if he did not cooperate in the burglary.[3] Bailey claimed that J. G. and he both entered the victim's home and took the guns and jewelry; Bailey claimed that, days later, J. G. and he took two of the weapons to a flea market, where they each sold one and retained the money; Bailey received $100 for the weapon he sold. Bailey told the investigator that "I never got any money except the $100."

1. Bailey claims that the trial court erred in failing to grant his motion for directed verdict, since the State's evidence showed that he was coerced to commit the crime at knifepoint under threats of death.[4] However, we disagree with this evaluation of the State's evidence and find sufficient evidence was adduced to permit the jury to disbelieve Bailey's coercion defense.[5]

The State's evidence showed that only one set of muddy shoe tracks traversed through the victim's home, thereby negating Bailey's assertion that he and a second man entered the victim's home to accomplish the taking. Further, even if a second man was involved in the burglary, in Bailey's statement to the investigator it is clear that

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] The admissibility of Bailey's statement is not at issue on appeal.

[4] OCGA § 16-3-26 precludes a person from being guilty of any crime except murder "if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." Coercion is an affirmative defense, see OCGA § 16-3-28, and the burden rests upon the State to disprove coercion beyond a reasonable doubt. See *Hansen v. State*, 205 Ga. App. 604, 607-608 (2) (423 SE2d 273) (1992).

[5] *Scott v. State*, 190 Ga. App. 492, 493 (1) (379 SE2d 199) (1989).

Bailey willingly — and with no coercion whatsoever — sold the victim's weapon at a flea market and pocketed the $100, complaining that it was the only compensation he received. From such eager complicity in sharing the spoils of the burglary, the jury could easily conclude that Bailey's professed reluctance to commit the crime was a sham. "The determination of whether the State has met its burden to disprove the affirmative defense is for the jury, and the jury's determination in the present case that the burden was met was supported by the evidence."[6]

2. We find the State's evidence sufficient to support the verdict under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), in that a rational trier of fact could find beyond a reasonable doubt each of the essential elements of the crime of burglary for which Bailey was charged. Accordingly, the trial court did not err in denying Bailey's motion for new trial on this basis.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 11, 2000.

*Sorgen & Schindelar, Lawrence S. Sorgen*, for appellant.
*N. Stanley Gunter, District Attorney, William J. Langley, Assistant District Attorney*, for appellee.

