A03A2149. BLOCKER v. THE STATE.
(595 SE2d 654)

MIKELL, Judge.

A Chatham County jury convicted David T. Blocker of armed robbery, aggravated assault, and the possession of a firearm during the commission of each of the aforementioned felonies. On appeal, Blocker asserts that the trial court erred by: (1) admitting into evidence statements he made to the police chaplain; (2) failing to merge certain of the charges against him; and (3) failing to charge the jury on the voluntariness of his confession. Blocker also contends that his trial counsel was ineffective and that the evidence was insufficient to support the convictions. For reasons explained below, we affirm.

"On appeal from a criminal conviction, the evidence must be con-

strued in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence."[1] So viewed, the evidence shows that on November 30, 2001, Blocker robbed Ronald Lewis at gunpoint at the entrance to Lewis's apartment complex. Lewis testified that he was walking to his apartment, when Blocker brandished a weapon, ordered him to his knees, demanded money, and fled, after Lewis gave him his pocket change and cell phone. Blocker testified that two men coerced him to commit the armed robbery.

1. In his first enumeration of error, Blocker asserts that the trial court erred when it denied his motion to suppress the confession that he made to the police chaplain, because it was protected by the clergymen privilege.[2] Because we agree with the trial court that the chaplain did not violate the privilege, this error fails.

"On appeal from a denial of a motion to suppress, we construe the evidence in favor of the trial court's ruling, and the trial court's application of law to undisputed facts is subject to de novo review. Where there is evidence to support the decision of a trial judge on motion to suppress evidence, that decision will not be disturbed on appeal."[3] Construed in favor of the trial court's ruling, the pertinent facts show that six days after the crime occurred, Blocker approached Sergeant Todd Rhodes of the Savannah Police Department at a store near the courthouse. Blocker told Rhodes that his life would be in jeopardy once they talked and that he also wanted to speak to a chaplain. At that time, Rhodes had no knowledge of Blocker's involvement in a crime. Rhodes arranged to meet Blocker at another location and transported him to the police precinct.

Blocker met with police chaplain Reverend Thurmond Tillman, who testified that Blocker told him about "some things" and that he felt his life was in danger; that he told Blocker that Blocker needed to share this information with the police; and that Blocker told Rhodes about the crime in Reverend Tillman's presence. Reverend Tillman adamantly denied that he told Rhodes that Blocker confessed to the crime.

During the *Jackson-Denno* hearing, Rhodes testified that Reverend Tillman told him that Blocker had confessed to a robbery. At trial, however, Rhodes testified that Reverend Tillman only told him that he was concerned for Blocker's safety. Rhodes further testified that Blocker told him that he was forced to commit an armed robbery

---

[1] (Punctuation and footnote omitted.) *Igidi v. State*, 251 Ga. App. 581 (554 SE2d 773) (2001).

[2] See OCGA § 24-9-22.

[3] (Citations and punctuation omitted.) *Taylor v. State*, 263 Ga. App. 420, 422 (2) (587 SE2d 791) (2003).

by two men, one of whom threatened him with a gun, and that Blocker admitted being intoxicated when he committed the crime.

"[T]he trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them."[4] The trial court, which had an opportunity to observe the witnesses, obviously believed Reverend Tillman's adamant denial that he had repeated Blocker's confession to the police. The court reasoned that Rhodes was simply confused by the fact that Blocker confessed to the crime in Reverend Tillman's presence. We cannot conclude that the trial court's conclusion was clearly erroneous.

2. Blocker next argues that the trial court should have merged his aggravated assault and possession of a firearm charges with the armed robbery charge. We disagree. Where separate facts are used to prove each crime and "show that one crime was completed prior to the second crime, so that the crimes are separate as a matter of law, there is no merger."[5]

(a) An aggravated assault occurs when a person assaults with the intent to rob or with a deadly weapon or any object which, when used offensively, is likely to result in serious bodily injury.[6] In this case, Lewis testified that Blocker used a very demanding and aggressive tone when he ordered Lewis to his knees and pointed the gun at his chest, which frightened Lewis. Thus, Blocker committed aggravated assault upon the completion of this act.[7] The armed robbery followed when Blocker, continuing to point the gun at Lewis, demanded Lewis's cell phone.[8] As separate facts were used to prove each crime, the trial court did not err by refusing to merge the offenses.

(b) As a matter of law, possession of a firearm during the commission of an aggravated assault does not merge with armed robbery.

There is express legislative intent to impose double punishment for conduct which violates both OCGA § 16-11-106 and

---

[4] (Citation and punctuation omitted.) *State v. Diamond*, 223 Ga. App. 164, 166 (477 SE2d 320) (1996).

[5] (Citation omitted.) *Gaither v. Cannida*, 258 Ga. 557-558 (1) (372 SE2d 429) (1988). See *Shelton v. State*, 251 Ga. App. 34, 36 (1) (553 SE2d 358) (2001).

[6] OCGA § 16-5-21 (a) (1), (2).

[7] See *Cecil v. State*, 263 Ga. App. 48, 49 (1) (587 SE2d 197) (2003). The fact that the gun was a toy is of no consequence because Lewis reasonably thought it was real. *Anderson v. State*, 238 Ga. App. 866, 871 (1) (519 SE2d 463) (1999). The fact that Lewis did not sustain an actual bodily injury is also of no import as one is not required to sustain a conviction for aggravated assault. *Webb v. State*, 256 Ga. App. 653, 654 (1) (569 SE2d 596) (2002).

[8] OCGA § 16-8-41 (a). See *Shelton*, supra (aggravated assault was complete when defendant held a weapon to the victim's side and forced her into her vehicle, and armed robbery occurred moments later when the defendant took a checkbook from the victim's purse).

other felony statutes. OCGA § 16-11-106 (e) states that [a]ny crime committed in violation of subsections (b) and (c) of this Code section shall be considered a separate offense from the offense of possession of a firearm during the commission of any said crimes. The crimes encompassed by the broad language of OCGA § 16-11-106 (b) include offenses such as aggravated assault [and] armed robbery.[9]

3. In his ninth enumerated error, Blocker argues that the trial court erred by failing to charge on the voluntariness of his confession. Blocker, however, did not request such a charge. The record also shows that when the court suggested that defense counsel consider such a charge, defense counsel responded that he thought the charge might contradict Blocker's defense. "Under established Georgia law there is no necessity to give a charge on the subject of the voluntariness of a confession unless there is a specific request for it."[10] Therefore, this argument fails.

4. In several enumerations of error, Blocker contends that he was denied his right to effective assistance of counsel because his trial counsel failed to: (1) inform him of the charges in the indictment; (2) allow him to assist in the selection of the jury; (3) adequately cross-examine a witness; (4) request a charge on the voluntariness of Blocker's confession; (5) call Blocker as a witness at the *Jackson-Denno* hearing; and (6) argue the discrepancies in the victim's testimony. We disagree.

"[I]n order to prevail on a claim of ineffectiveness of trial counsel, a defendant must show that his attorney's performance was deficient and that the deficiency prejudiced him such that a reasonable probability exists that, but for the attorney's errors, there would have been a different outcome at trial."[11] Furthermore, "A court . . . is not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one [and its] finding of effectiveness must be upheld unless clearly erroneous."[12]

(a) Blocker argues that his trial counsel failed to provide him with a copy of his indictment and inform him of all of the charges. However, the record shows that Blocker was aware of all of the charges against him, as well as the sentencing range on each offense.

---

[9] (Citation and punctuation omitted.) *Golden v. State*, 233 Ga. App. 703, 705 (2) (c) (505 SE2d 242) (1998).

[10] (Punctuation and footnote omitted.) *Kirton v. State*, 246 Ga. App. 670, 672 (2) (541 SE2d 673) (2000).

[11] (Citations omitted.) *Butler v. State*, 273 Ga. 380, 384 (10) (541 SE2d 653) (2001).

[12] (Citations and punctuation omitted.) *Green v. State*, 240 Ga. App. 650, 652-653 (3) (523 SE2d 632) (1999).

Furthermore, Blocker testified that he received the state's discovery, which included the indictment. Thus, this claim of ineffectiveness fails.

(b) Blocker contends that his counsel's failure to allow him to participate in jury selection deprived him of a fair trial. We disagree.

"The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with the client."[13] During the motion for new trial hearing, Blocker testified that he asked if he could help pick the jury; that he gave his counsel a list of the jurors that he did not like; and that he disagreed with all of his counsel's selections but did not inform counsel of his concern until after the jury was selected. Blocker's trial counsel testified that he told Blocker that he would do everything in his power to strike any person that Blocker did not want on the jury; that Blocker left the jury selection to him; and that Blocker did not give him a list of those jurors he wanted struck. The trial court was authorized to believe counsel's testimony over Blocker's.[14] Thus, we do not find that the trial court's rejection of this claim of ineffectiveness was clearly erroneous.

(c) Blocker contends that his trial counsel should have impeached the credibility of witness Karen Mack on cross-examination. Blocker maintains that Mack lied when she testified that she was not with him during a traffic accident that preceded the robbery. This argument lacks merit for two reasons. First, the record shows the converse. The date of the robbery preceded the car accident, so Blocker's argument is factually baseless. Second, trial counsel explained that he did not cross-examine Mack because her testimony did not hurt Blocker and because he did not want to open the door to evidence that Blocker assaulted Mack while they were driving, which contributed to the car accident. As "the degree to which an attorney chooses to cross-examine opposing parties' witnesses and the manner in which to attack their credibility fall within the ambit of trial tactics,"[15] trial counsel's decision in this instance cannot serve as the basis of an ineffectiveness claim.

(d) As discussed in Division 3, trial counsel did not request a charge on the voluntariness of Blocker's confession because he reasoned that such a charge contradicted Blocker's defense that he committed the crime because he was forced to do so. Trial counsel reiter-

---

[13] (Citation and punctuation omitted.) *Sewell v. State*, 229 Ga. App. 685, 687 (1) (494 SE2d 512) (1997).

[14] See *Coggins v. State*, 275 Ga. 479, 482 (3) (569 SE2d 505) (2002).

[15] *Harris v. State*, 274 Ga. 422, 428 (9) (554 SE2d 458) (2001).

ated the reason for his decision during the hearing on Blocker's motion for new trial and stated that the charge was simply not in Blocker's best interest. This decision, too, constituted sound trial strategy. Thus, the trial court's conclusion that counsel was effective in this respect was not clearly erroneous.

(e) Blocker argues in his brief that he should have been allowed at the *Jackson-Denno* hearing to explain that he was intoxicated when he gave his statement. However, at the hearing on his motion for new trial, Blocker stated that he wanted to testify about the confidentiality between him and Reverend Tillman, not about his intoxication. Nonetheless, we note that the trial court considered evidence that Blocker may have been intoxicated when giving his statement. At the *Jackson-Denno* hearing, the detective testified that Blocker claimed to be under the influence of some type of drug but that he understood his *Miranda* rights. Blocker testified that he was hung over from alcohol he consumed the previous night when he gave his statement but that he was aware of what was going on.

Accordingly, the evidence does not support Blocker's claim of ineffectiveness.

(f) Lastly, Blocker argues that his defense counsel was ineffective because he failed to argue the discrepancy between the victim's testimony that the perpetrator was driving a white car and Blocker's testimony that he was in a red car. Based on this discrepancy, Blocker contends that the jury would not have believed the victim's testimony. We do not agree, particularly in light of Blocker's confession that he committed the crime and the evidence that Blocker's car fits the description of the one connected to the robbery. Blocker has failed to show that but for counsel's failure to raise this discrepancy, the outcome of his trial would have been different, and his failure to do so is fatal to his claim.[16]

5. In his last enumerated error, Blocker argues that the jury should have accepted his affirmative defense of coercion and acquitted him of all charges. We disagree.

"Coercion is an affirmative defense, and the burden rests with the State to disprove coercion beyond a reasonable doubt."[17] Whether the State has satisfied its burden to disprove the affirmative defense is a jury question.[18] To disprove Blocker's coercion defense, the state elicited testimony about Blocker's demeanor. The victim testified that Blocker did not appear nervous; that the robbery occurred very quickly, with no "fumbling" or "bumbling" on Blocker's part; and that Blocker commented that he was robbing Lewis because he needed a

---

[16] *Butler*, supra.
[17] (Footnote omitted.) *Brinson v. State*, 244 Ga. App. 40, 41 (537 SE2d 370) (2000).
[18] *Bailey v. State*, 245 Ga. App. 852, 854 (1) (539 SE2d 191) (2000).

place to stay. The only evidence of coercion came from Blocker, and the trial judge noted that the jurors appeared to chuckle in disbelief when Blocker testified.

The credibility of witnesses and the determination of whether a person was coerced are questions for the trier of fact.[19] As an appellate court, we cannot assess credibility as we did not have the opportunity to hear the witnesses and observe their demeanor.[20] The jury obviously chose to disbelieve Blocker's testimony, which is the risk he assumed when he decided to testify.[21] Accordingly, we find the evidence was sufficient to authorize a rational trier of fact to find Blocker guilty of the offenses charged beyond a reasonable doubt.[22]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 25, 2004 ▮▮▮▮▮▮▮▮▮▮

*Mark J. Nathan,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney,* for appellee.

---

[19] *Aleman v. State,* 227 Ga. App. 607, 609 (1) (489 SE2d 867) (1997).
[20] *Walton v. State,* 217 Ga. App. 773, 774 (1) (459 SE2d 184) (1995).
[21] *Castillo v. State,* 166 Ga. App. 817, 821 (1) (305 SE2d 629) (1983).
[22] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).