## S06A1238. CLARK v. THE STATE.
### (635 SE2d 116)

MELTON, Justice.

Following a jury trial, Curtis Lamar Clark appeals his conviction for murder, felony murder, aggravated assault, armed robbery, and possession of a firearm during the commission of a felony.[1] Clark contends that the evidence was insufficient to support the verdict and that the trial court erroneously admitted certain similar transaction evidence. We affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on the night of April 6, 1997, Michael Head and Travis Boykin drove to a parking lot in an apartment complex to purchase drugs. In the parking lot, Clark approached Head and, shortly thereafter, pulled out a handgun and ordered Head out of the car. Clark then demanded Head's money, but Head refused. A scuffle resulted, and Clark hit Head with his handgun before firing it twice. First, he fired a warning shot into the air, and then he fired a shot into Head's chest. While Head was injured and dying on the ground, Clark went through his pockets and stole his money. An eyewitness to the

---

[1] On April 23, 1999, Clark was indicted for murder, felony murder, aggravated assault, two counts of armed robbery (one for robbing Head and one for robbing Head's companion), and possession of a firearm during the commission of a felony. On November 1, 2000, a jury found Clark guilty of all charges except the armed robbery of Head's companion, and, on November 20, 2000, Clark was sentenced to life imprisonment for murder, twenty years to be served concurrently for armed robbery, and five consecutive years for possession of a firearm during the commission of a felony. Clark's conviction for felony murder was vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and his conviction for aggravated assault was merged into his malice murder conviction. Clark filed an out-of-time motion for new trial on August 20, 2001 and an amended motion on August 2, 2004. The motion for new trial was denied on August 26, 2004. Clark's timely appeal was docketed in this Court on March 29, 2006 and submitted for decision on the briefs.

murder who had known Clark for approximately two years positively identified Clark as the assailant. In addition, another acquaintance of Clark testified that, when he later asked Clark why he shot Head, Clark responded that "he had to do what he had to do." This evidence was ample to support the jury's determination that Clark was guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Clark contends that the trial court erred by admitting similar transaction evidence of a car jacking in which he participated shortly after the murder. The State provided evidence that, on May 25, 1997, Harold Merrell offered a ride to Clark and one of his friends. Clark got into the back seat of the car behind Merrell. Clark then instructed Merrell to pull onto a side street and slow down. At that point, Merrell heard Clark fire a warning shot from a handgun, and Merrell fled the car. Clark then climbed into the driver's seat and drove the car away.

This evidence was properly offered to show Clark's identity and course of conduct. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The trial court found the similar transaction evidence to be admissible because both crimes were committed by use of a handgun, a warning shot was fired, and the crimes were committed with an intent to rob. In addition, Clark asked Merrell to drive him to the vicinity in which the murder had taken place. Based on these similarities, the trial court did not abuse its discretion in admitting evidence of the similar transaction. Id. Moreover, even if the introduction of this evidence was erroneous, the error was harmless, as the evidence supporting Clark's conviction was overwhelming, and it is highly probable the error did not contribute to the judgment. See, e.g., *White v. State*, 269 Ga. 74 (2) (495 SE2d 278) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Patrick G. Longhi*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.