S07A1396. SIMPSON v. THE STATE.
(651 SE2d 732)

CARLEY, Justice.

A jury found Norman Simpson guilty of committing two felony murders in which armed robbery was the predicate offense, a separate count of armed robbery and three counts of possession of a firearm during commission of those felonies. The trial court entered

judgments of conviction on the guilty verdicts, and sentenced Simpson to three consecutive terms of life imprisonment for the murders and armed robbery, and to three consecutive five-year terms for the weapons offenses. Simpson filed a motion for new trial and, after the denial of that motion, he brings this appeal.*

1. Simpson enumerates the general grounds. The evidence showed that John Mills was a guest in the home of his friends, William Carlton and Thomas O'Hayer, when Simpson and an accomplice knocked on the door of the residence and, with drawn guns, ordered the three outside. After taking cash from Mr. Mills and returning his empty wallet, Simpson entered the house and began to rummage through the items inside. When Mr. Carlton protested and tried to intervene, Simpson shot him in the chest. At that point, Simpson and his accomplice opened fire, and Mr. O'Hayer was shot twice in the back. Mr. Carlton and Mr. O'Hayer both died from their wounds. Mr. Mills identified Simpson and his accomplice in a photographic lineup. Simpson was arrested and, in a statement given to the police, admitted that he took part in the robberies and that he fired his weapon at the victims. At the preliminary hearing and again at trial, Mr. Mills positively identified Simpson as the man who robbed him at gunpoint and who shot his two friends. The accomplice pled guilty and testified for the prosecution. In addition to Simpson's post-arrest statement to the police, the State introduced several witnesses to whom he made pre-arrest inculpatory admissions as to his commission of the robberies and murders. This evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Simpson was guilty of felony murder of Mr. Carlton and Mr. O'Hayer during the commission of armed robbery, armed robbery of Mr. Mills and possession of a firearm during the commission of those three felonies. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The State was permitted to introduce evidence that Simpson committed another armed robbery two days after the crimes for which he was being tried. Following the requisite hearing to determine admissibility of the evidence, the trial court found that it was relevant to show Simpson's course of conduct or bent of mind. He enumerates that evidentiary ruling as error.

---

* The crimes were committed on July 26, 2002. The grand jury indicted Simpson on November 6, 2002. The jury returned the guilty verdicts on October 25, 2005 and, on that same day, the trial court entered judgments of conviction and imposed the sentences. Simpson filed a motion for new trial on November 2, 2005, which the trial court denied on March 29, 2007. Simpson filed a notice of appeal on April 6, 2007, and the case was docketed in this Court on May 30, 2007. The appeal was submitted for decision on July 23, 2007.

Contrary to Simpson's contention, the victim of the later armed robbery positively identified him as the perpetrator. Moreover, Simpson admitted that he committed that robbery in the same post-arrest statement in which he acknowledged that he committed the crimes two days earlier. The subsequent offense was similar, in that the robbery occurred within blocks of the earlier murders and armed robbery, Simpson used a drawn gun to demand money and, when the victim protested or resisted, he threatened to shoot. Simpson did not kill the victim of the subsequent armed robbery, but only brandished the weapon, and the offense occurred when Simpson invaded the victim's car, not his home. However, the prosecution was only required to show that the other crime was similar, not identical, to the offenses for which Simpson was being tried. Moreover, Mr. Mills had not been killed when he was robbed two days earlier, and the later armed robbery was very similar to that committed against him. "In addition, [Simpson] asked [the victim of the subsequent armed robbery] to drive him to the vicinity in which the murder[s] had taken place." *Clark v. State*, 280 Ga. 899, 900 (2) (635 SE2d 116) (2006). There, he ordered the victim from his car and said: "I'll show — you want to see death? I'll show you death. Do you want to see dead people or whatever?"

> Based on these similarities, the trial court did not abuse its discretion in admitting evidence of the similar transaction. [Cit.] Moreover, even if the introduction of this evidence was erroneous, the error was harmless, as the evidence supporting [Simpson's] conviction[s] was overwhelming, and it is highly probable the error did not contribute to the judgment[s]. [Cit.]

*Clark v. State*, supra.
*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*Jennifer R. Burns*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.