S08A0932. ABDULLAH v. THE STATE.
(667 SE2d 584)

HUNSTEIN, Presiding Justice.

Appellant Amin Abdullah was convicted of malice murder and numerous other offenses in connection with the death of Teresa Winters and the shooting of Jonathan Wright and Carlos Printup. The trial court denied Abdullah's motion for new trial[1] and he appeals.

---

[1] The crimes occurred on January 6, 2001. The Fulton County grand jury handed down a 12-count indictment against Abdullah on April 20, 2001, charging him with malice murder; two counts of felony murder based on aggravated assault and possession of a firearm by a convicted felon; three counts of aggravated assault; armed robbery as to Printup; four counts of possession of a firearm during the commission of a felony; and possession of a firearm by a convicted felon. Abdullah was found guilty on all counts and sentenced on July 16, 2002 to life imprisonment for malice murder; the aggravated assault count as to Winters merged with malice murder and both felony murder counts were vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4), (5) (434 SE2d 479) (1993). Abdullah also received two 20-year consecutive sentences for the aggravated assaults of Wright and Printup; a 20-year concurrent term for armed robbery; four consecutive five-year terms for the firearm possession counts based on the aggravated assaults and armed robbery; and a five-year concurrent sentence for

1. The evidence authorized the jury to find that Abdullah was with Wright, Winters and Printup in Wright's apartment in the early morning hours of January 6, 2001; Wright and Abdullah were in the bedroom and Winters and Printup were asleep on the sofa in the living room. When Wright and Abdullah decided to leave, Abdullah walked into the living room and shot Printup approximately seven times in the abdomen and leg. After Printup fell to the floor, Abdullah went through his pockets and took money out of his wallet. Hearing the gunfire, Wright attempted to escape through the bedroom window, but Abdullah came into the room and shot him three times in the leg, hip and arm. Before leaving the apartment, Abdullah shot Winters once in the head. Although Printup and Wright survived their injuries, Winters died three days later.

When an officer dispatched to the scene asked Printup who shot him, he replied "Amin" and was able to give a description. Investigation led police to Abdullah, and both Wright and Printup identified him as the perpetrator. Viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient for a rational trier of fact to find Abdullah guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Abdullah contends that the trial court erred by refusing to excuse prospective juror Norka Jiminez for cause, given the concern she expressed regarding her ability to understand and speak English. See OCGA § 15-12-163 (b) (6). During the course of voir dire, Jiminez was questioned on three separate occasions regarding her asserted language difficulties, and the trial court found that her speech and comprehension were good. The decision to strike a potential juror for cause lies within the sound discretion of the trial court and will not be set aside absent some manifest abuse of that discretion. *Stokes v. State*, 281 Ga. 825 (2) (642 SE2d 82) (2007). Based on our review of the record, we find no error. See *Ford v. State*, 289 Ga. App. 865 (1) (658 SE2d 428) (2008) (trial court did not abuse discretion in finding that juror showed no visible sign of difficulty with English language); compare *Wellons v. State*, 266 Ga. 77 (6) (b) (463 SE2d 868) (1995) (trial court properly excused for cause prospective juror with evident language difficulties).

3. Abdullah also argues that the trial court erred by admitting as similar transaction evidence the testimony of Arthur Moore, who

firearm possession by a felon. His first out-of-time motion for new trial was filed on August 5, 2005; his second such motion was filed on April 25, 2006, amended on April 5, 2007 and May 11, 2007, and denied on August 15, 2007. His notice of appeal was timely filed and amended on January 7, 2008. The appeal was docketed in this Court on February 15, 2008 and submitted for decision on the briefs.

was shot in the abdomen outside a convenience store located in front of Wright's apartment complex on December 28, 2000, nine days before the crimes at issue.

> Before evidence of independent acts may be admitted into evidence, the State must show that it seeks to introduce the evidence for an appropriate purpose; that there is sufficient evidence to establish that the accused committed the independent act; and that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter. [Cit.]

*Collum v. State*, 281 Ga. 719, 723 (4) (642 SE2d 640) (2007). The trial court admitted Moore's testimony for the limited purposes of showing motive, state of mind, bent of mind, course of conduct, and plan or scheme. When similar transaction evidence is admitted for such purposes, a lesser degree of similarity is required than when introduced to prove identity, *Smith v. State*, 273 Ga. 356 (2) (541 SE2d 362) (2001), and " 'a transaction does not have to mirror every detail in order to authorize its admission; rather, the proper focus is upon the similarities between the incidents and not upon the differences.' [Cit.]" *Daniels v. State*, 281 Ga. 226, 228 (1) (637 SE2d 403) (2006).

Moore identified the shooter as Abdullah in a photographic lineup, as well as at trial. The shooting of Moore and the crimes for which Abdullah was on trial occurred in very close proximity, both in terms of time and location, and each involved Abdullah using a handgun to shoot an unsuspecting victim without provocation. Given these similarities, the trial court did not abuse its discretion in admitting evidence of the similar transaction. See *Simpson v. State*, 282 Ga. 508 (2) (651 SE2d 732) (2007).

4. The trial court sentenced Abdullah to a consecutive five-year sentence for possession of a firearm during the commission of the aggravated assault on Printup, as well as a consecutive five-year sentence for possession of a firearm during the commission of the armed robbery of Printup. See OCGA § 16-11-106 (b) (1). However, "where multiple crimes are committed together during the course of one continuous crime spree, a defendant may [only] be convicted once for possession of a firearm during the commission of a crime as to [each] individual victim." *State v. Marlowe*, 277 Ga. 383, 386 (2) (c) (589 SE2d 69) (2003). Accordingly, the two possession charges related to Printup should have been merged and the conviction and sentence imposed on one such charge must be vacated. See *Williams v. State*, 277 Ga. 368 (2) (589 SE2d 563) (2003).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna G. Cross, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.