A09A0780. HOWARD v. THE STATE.
(679 SE2d 104)

BARNES, Judge.

In March 2001, following a jury trial, Rico Howard was found guilty of armed robbery and aggravated assault. He timely filed a motion for new trial, which following a hearing in May 2007, was denied by the trial court on January 11, 2008. He appeals, contending that the trial court improperly commented on his absence from the second day of trial, and that the trial court erred in sentencing him because the aggravated assault conviction should have merged with his armed robbery conviction.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. As an appellate court, we do not weigh the evidence or determine witness credibility. The standard of review is whether, based on the evidence of record, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt.

(Citation omitted.) *Garza v. State*, 285 Ga. App. 902 (648 SE2d 84) (2007), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on August 30, 1997, at around 11:00 p.m., two Morehouse College students were walking near the campus when two men approached them and asked if they

---

were "from here." One of the men then put a gun to the chest of one of the students and told him to give up his watch, chain, and money. The other student gave his watch, a few dollars, and his keys to the other robber. The robbers spotted some nearby police, and ran away and jumped into a car, but the officers pursued the men and were able to apprehend one of the robbers. The first student positively identified Rico Howard at the precinct as the man who put the gun to his chest.

1. Howard first contends that the trial court erred in instructing the jury regarding his absence on the second day of trial, in violation of OCGA § 17-8-57.[1] The record shows that Howard was not present for the second day of trial and the trial court informed the jury that, "the defendant has not returned this morning. And because his absence is unexplained and I have no basis upon which to believe there was an emergency or anything like that, we will proceed without his being present. Which is the legal thing to do in our state." Howard's counsel did not object to the comment.

Pretermitting whether Howard waived this argument by failing to object to the statement, it affords no basis for reversal. We find the challenged statement was not improper under OCGA § 17-8-57, as Howard asserts. The statement did not express an opinion about whether the evidence had proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty. See *Flantroy v. State*, 231 Ga. App. 744, 746 (3) (501 SE2d 10) (1998). Moreover, the court's statements were appropriate under the circumstances as they were intended to explain Howard's absence from the second day of trial. See *Williams v. State*, 183 Ga. App. 373, 375 (2) (358 SE2d 914) (1987) (court's explanation to the jury of why the defendant was not in the courtroom was not impermissible comment under OCGA § 17-8-57). Accordingly, this enumeration is meritless.

2. Howard argues, and the State concedes, that the aggravated assault was not a separate crime and should have been merged with the armed robbery conviction pursuant to *Mercer v. State*, 289 Ga. App. 606, 609-610 (3) (658 SE2d 173) (2008).

It is possible to first commit aggravated assault by frightening the victim with a weapon and immediately thereafter to commit armed robbery by proceeding to use the weapon to rob the victim. See *Blocker v. State*, 265 Ga. App. 846, 848 (2) (a) (595 SE2d 654) (2004) (defendant pointed gun and ordered victim to kneel, causing

---

[1] It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

reasonable apprehension of injury; then defendant demanded victim's property). If separate facts are used to prove each crime, the defendant may then be convicted of both crimes. Id. In making this determination,

> the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . [T]he important question is not the number of acts involved, or whether the crimes have overlapping elements, but whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged.

(Citations and punctuation omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215-216 (636 SE2d 530) (2006).

Here, the only evidence is that Howard used the gun to rob the victim. There was not a separate aggravated assault before the robbery began. Thus, there having been no additional violence used against the victim, it follows that the evidentiary basis for the aggravated assault conviction was "used up" in proving the armed robbery. Merger was required. Accordingly, we vacate the sentence imposed under the aggravated assault count and remand the case for resentencing, with directions to merge the aggravated assault into the armed robbery count.

*Judgment affirmed, sentence vacated in part and case remanded for resentencing. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MAY 21, 2009.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.