**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 24, 2018**

# In the Court of Appeals of Georgia

A18A0361. COLBERT v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Ladarius Colbert was convicted of two counts of armed robbery, two counts of aggravated assault, two counts of possession of a firearm during the commission of a felony, one count of aggravated battery, and one count of hijacking a motor vehicle. Colbert appeals, claiming that the state failed to reveal deals with two witnesses in exchange for their testimony, that his trial counsel was ineffective, and that the two aggravated assault counts should have merged with one of the armed robbery counts. Colbert has not shown that the state failed to reveal deals with witnesses or that his trial counsel's performance was both deficient and prejudicial. However, the state concedes that Colbert is correct in asserting that one of the aggravated assault counts should have merged with the armed robbery count.

Accordingly, we affirm in part, vacate the sentence in part, and remand for resentencing.

Viewed in the light most favorable to the verdicts, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that Colbert and an accomplice entered a pizza restaurant with pistols; took money from a cash register; punched an employee, breaking her jaw; and fled with the money. Over a week later, Colbert and accomplices used guns to force a man out of his car, beat him and kicked him, took his cell phone, fired a gunshot at him, and stole his car.

Colbert and two co-defendants were tried together before a jury, which found the men guilty of multiple offenses arising out of the incidents. Colbert moved for a new trial, which the trial court denied. This appeal followed.

1. *Alleged deals with witnesses.*

Colbert contends that the state failed to reveal agreements that it had with two witnesses who had pending criminal charges, Jasmine Arrington and Demarco Jones, in exchange for their testimony. We disagree.

> Under *Brady v. Maryland*, [373 U. S. 83 (83 SCt 1194, 10 LE2d 215) (1963)] and *Giglio v. United States*, [405 U. S. 150 (92 SCt 763, 31 LE2d 104) (1972),] the state is under a duty to reveal any agreement, even an informal one, with a witness concerning criminal charges pending against that witness, and a failure to disclose such an agreement

2

constitutes a violation of the due process requirements of *Brady*, supra. *Giglio*, supra. In order to show that the state violated *Brady* [and *Giglio*] by failing to reveal a deal with one of its witnesses, a defendant must show that the state possessed evidence of the deal; that the defendant did not possess the evidence nor could he obtain it himself with any reasonable diligence; that the state suppressed evidence of the deal; and that, had the evidence of the deal been disclosed to the defendant, there existed a reasonable probability that the result at trial would have been different. The burden is on the defendant to prove each of these elements.

*Alford v. State*, 293 Ga. App. 512, 514-515 (2) (667 SE2d 680) (2008) (citations and punctuation omitted).

a) *Jasmine Arrington.*

Colbert contends that there was at least an informal agreement between Arrington and the state for the district attorney to "let it be known that she cooperated." Indeed, the trial transcript shows that this informal agreement was revealed at the start of the trial when the district attorney informed the court that he had offered "for [Arrington's] cooperation to be taken into account" regarding her pending charges, but had not made any specific promises concerning a reduced sentence. Thus, Colbert knew of the informal deal prior to the witness' testimony and "[e]ven assuming, arguendo, that [he] was not aware of all circumstances surrounding

3

the deal before trial, he has not shown that earlier disclosure would have benefitted him[.]" *Alford*, supra at 515 (2).

Colbert further notes that the charges against Arrington were ultimately transferred to juvenile court where she was given probation. "However, there is no evidence that [any] agreement [for such a disposition of her charges] was in place prior to [Arrington] testifying." *Serrate v. State*, 268 Ga. App. 276, 280 (3) (a) (601 SE2d 766) (2004). On the contrary, Arrington, her attorney, and the district attorney all testified that no such deal was in place. "[M]ere speculation that [such a] deal[] existed is insufficient to substantiate [Colbert's] claim that the [s]tate withheld exculpatory evidence which prejudiced his defense." *Rhodes v. State*, 299 Ga. 367, 369 (2) (788 SE2d 359) (2016) (citation omitted).

b) *Demarco Jones.*

As for Jones, Colbert argues that the outcome of the trial would have been different if the state had "disclosed that it was going to reward Jones in some way after his testimony[.]" However, Colbert has failed to point to evidence of any deal, and Jones himself testified that no deals had been made with him for his testimony. Once again, mere speculation is insufficient to substantiate Colbert's claim that a deal

4

existed. *Rhodes*, supra. See also *Pihlman v. State*, 292 Ga. App. 612, 615 (1) (664 SE2d 904) (2008) ("incredulity is not evidence of a deal").

2. *Ineffective assistance of counsel.*

Colbert claims that his trial counsel was ineffective in failing to investigate the case adequately and failing to move to sever his case from that of his accomplices. In order to prevail on these claims of ineffective assistance of counsel, Colbert must show that his "counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct." *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007) (citation and punctuation omitted). Even assuming, without deciding, that counsel's performance was deficient, Colbert has failed to show that such deficiency prejudiced the defense.

With regard to the claim of inadequate investigation, Colbert has "failed to show what further investigation would have revealed or to offer any additional witnesses to demonstrate that their testimony would have been relevant and favorable." *Fairclough v. State*, 276 Ga. 602, 606 (4) (581 SE2d 3) (2003) (citations omitted). The only specific claim of prejudice made by Colbert is that further

5

investigation would have revealed the purported deals the state had with its witnesses Arrington and Jones. But as discussed above, other than an informal agreement to make witness cooperation known, there was no evidence of any specific deals for reduction of sentences on pending charges. Thus, Colbert has failed to show that with further investigation "the results of his trial would have been different." *Fann v. State*, 275 Ga. 756, 757 (2) (571 SE2d 774) (2002) (citations omitted).

As for the lack of a motion for severance, Colbert has not made a showing of harm.

> When several defendants are indicted together for a capital crime, but the [s]tate does not seek the death penalty, whether the defendants are to be tried together or separately is a matter committed to the sound discretion of the trial court. In ruling on a severance motion, the court should consider: (1) the likelihood of confusion of the evidence and law; (2) the possibility that evidence against one defendant may be considered against the other defendant; and (3) the presence or absence of antagonistic defenses. And to require a severance, the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing that a joint trial would lead to prejudice and a consequent denial of due process.

*Blackledge v. State*, 299 Ga. 385, 387-388 (2) (788 SE2d 353) (2016) (citations and punctuation omitted).

Here, Colbert has not shown that if counsel had filed a motion to sever, the trial court would have abused its discretion in denying such a motion based on these considerations. See *Lupoe v. State*, 300 Ga. 233, 241 (2) (c) (794 SE2d 67) (2016) (no ineffective assistance in failing to file motion to sever where trial court would not have abused its discretion in denying such a motion). "A successful motion for severance requires a showing that a joint trial will prejudice the accused. Because [Colbert has not shown] that the joint trial caused him any harm, defense counsel was not ineffective for failing to move for severance." *Glenn v. State*, 279 Ga. 277, 279 (2) (c) (612 SE2d 478) (2005) (citation omitted). Colbert's "ineffective assistance of counsel claim on this ground therefore fails." *Green v. State*, ___ Ga. ___ (2) (b) (Case No. S17A1872, decided January 29, 2018).

3. *Merger of aggravated assault and armed robbery counts.*

Colbert contends that his convictions on counts 16 and 17 for aggravated assaults of the same victim should have merged with his conviction on count 14 for the armed robbery of that victim. Colbert is correct that the aggravated assault in count 16 should have merged with the armed robbery count, but is incorrect as to the aggravated assault in count 17.

"The doctrine of merger precludes the imposition of multiple punishment[s] when the same conduct establishes the commission of more than one crime. While a defendant's conduct may constitute more than one crime, Georgia law bars conviction and punishment of more than one crime if one crime is included in the other." *Wimbush v. State*, ___ Ga. App. ___ (4) (Case No. A17A2056, decided March 8, 2018) (citations and punctuation omitted). See OCGA § 16-1-7 (a).

> To determine whether two crimes merge, we must apply the "required evidence" test embraced in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006), which instructs that where the same act or transaction constitutes the violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. If so, then two offenses exist, and one is not included in the other.

*Womac v. State*, 302 Ga. 681, 684 (3) (808 SE2d 709) (2017) (citations and punctuation omitted). "However, if the same facts are used to prove the different offenses, the different crimes merge." *Wimbush*, supra (citation and punctuation omitted).

Here, the state concedes that the conviction on count 16, for aggravated assault with intent to rob the victim, should have merged with the conviction on count 14, for armed robbery of the same victim, because the offenses were predicated on the same

8

acts of violence and each did not require proof of a fact which the other did not. Under these circumstances,

> there having been no additional violence used against the victim, it follows that the evidentiary basis for the aggravated assault conviction [in count 16] was 'used up' in proving the armed robbery. Merger was required. Accordingly, we vacate the sentence imposed under the aggravated assault [in] count [16] and remand the case for resentencing, with directions to merge the aggravated assault into the armed robbery count.

*Howard v. State*, 298 Ga. App. 98, 100 (2) (679 SE2d 104) (2009).

However, Colbert's conviction for aggravated assault of the same victim in count 17 was not predicated on the same facts as the armed robbery. Rather, the evidence showed that the aggravated assault in count 17 was based on a gunshot fired at the victim after the armed robbery had been completed and the victim was fleeing from the scene. "[I]f one crime is complete before the other takes place, the two crimes do not merge." *Wimbush*, supra at ___ (4). Because the "testimony shows that the armed robbery and aggravated assault were separate events, the armed robbery being complete before the commission of the aggravated assault[,] the court below did not err when it refused to merge these convictions." *Brown v. State*, 314 Ga. App. 198, 206 (6) (723 SE2d 520) (2012) (citations omitted). See also *Carpenter v. State*, 343 Ga. App. 355, 359 (3) (808 SE2d 229) (2017) (because each crime was

9

established by proof of an additional fact not at issue in the other crime, they did not merge).

*Judgment affirmed in part, sentence vacated in part, and case remanded with direction. Ray and Rickman, JJ., concur.*